# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

CHEVRON CORPORATION,

Petitioner,                                              Civil Action No: 10-mc-21

To Issue Subpoenas For The Taking Of
Depositions And The Production Of Documents.

## APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT DISCOVERY FOR USE IN FOREIGN PROCEEDINGS AND REQUEST FOR EXPEDITED BRIEFING SCHEDULE ON ANY OBJECTIONS THERETO

Based upon the annexed declarations of James M. Sabovich ("Sabovich Decl.") and the accompanying memorandum of points and authorities, Chevron Corporation ("Chevron") hereby applies to this Court for an Order, pursuant to 28 U.S.C. § 1782 ("Section 1782"), and Rules 26, 30, 34, and 45 of the Federal Rules of Civil Procedure, granting Chevron leave to serve Richard Kamp ("Kamp") and E-Tech International ("E-Tech") (collectively "Respondents") with the subpoenas annexed to the Sabovich Decl. as Exhibit P.  Due to significant time exigencies here, Chevron further requests an Order to Show Cause why the subpoenas should not issue and establishing an expeditious briefing schedule to resolve any objections.  For the Court's convenience a Proposed Order to Show Cause is attached to this Application as **Exhibit A**.

The requirements of Section 1782 are met by Chevron's Application.  First, Respondents reside or may be found in the District of New Mexico.  Second, the discovery sought is for use in proceedings currently pending before two foreign tribunals:  *Maria Aguinda y Otros v. Chevron Corporation*, pending in the Superior Court of Nueva Loja, Ecuador (the "Lago Agrio Litigation"), and *Chevron Corporation and Texaco Petroleum Company vs. The Republic Of*

*Ecuador*, an arbitration claim under the Bilateral Investment Treaty between the United States and Ecuador pending in the Permanent Court of Arbitration in the Hague (the "Treaty Arbitration"). Third, as a litigant in those proceedings, Chevron is an "interested person" within the meaning of Section 1782.

The discretionary factors set out by the United States Supreme Court in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 249 (2004), also weigh in favor of granting the Application. Respondents are not "participants" in either the Lago Agrio Litigation or the Treaty Arbitration within the meaning of Section 1782. Both arbitral tribunals and Ecuadorian courts have been historically receptive to Section 1782 assistance from federal courts. *See In re Applic. of Chevron Corp.* ("*Berlinger 1782 I*"), No. M-19-111, 2010 U.S. Dist. LEXIS 47034, at *41 (S.D.N.Y. May 10, 2010); Request for Judicial Notice of U.S. Filings ("U.S. Filings RJN"), Ex. E (*In re Applic. of Chevron Corp. v. 3TM Consulting, LLC*, No. 4:10-mc-134, Order (Dkt. 12) (S.D. Tex. Apr. 5, 2010); *id.*, Ex. D (*Chevron Corp. v. Stratus Consulting, Inc.*, No. 10-cv-00047-JLK, Trans. (D. Colo. Mar. 4, 2010)); *id.*, Ex. B, 9 (*In re Applic. of Chevron Corp.*, No. 1:10-mi-00076-TWT-GGB, Order (Dkt. 5) (N.D. Ga. Mar. 2, 2010); *id.*, Ex. J (*In re Applic. of Chevron Corp.*, No. 10-cv-1146-IEG (WMc), Order, (C.D. Cal. June 23, 2010); Sabovich Decl., ¶ 39; U.S. Filings RJN, Ex. I (*In re Applic. of Chevron Corp.*, No. 2:10-cv-02675-SRC-MAS, Trans. (D.N.J. June 11, 2010); *see also In the Matter of Compania Chilena de Navegacion Interoceanica S.A.*, No. 03-cv-5382 (ERK), 2004 U.S. Dist. LEXIS 6408 (E.D.N.Y. Jan. 29, 2004); *In re Application of Noboa*, Nos. M18-302, M19-111, 1995 U.S. Dist. LEXIS 14402 (S.D.N.Y. Oct. 3, 1995); *In re Oxus Gold PLC*, No. MISC 06-82-GEB, 2007 U.S. Dist. LEXIS 24061 (D. N.J. Apr. 2, 2007); *Ukrnafta v. Carpatsky Petroleum Corp.*, No. 3:09-mc-265 (JBA),

2009 U.S. Dist. LEXIS 109492 (D. Conn. Aug. 27, 2009); *Norfolk S. Corp. v. Gen. Sec. Ins. Co.*, 626 F. Supp. 2d 882 (N.D. Ill. 2009).

The Application does not conceal an attempt to circumvent foreign proof-gathering restrictions in either of the foreign proceedings. A petitioner under Section 1782 need not show that the evidence sought would be discoverable or admissible in the foreign jurisdiction. *Intel*, 542 U.S. at 261. Rather, in determining whether a petition is an effort to circumvent foreign proof-gathering restrictions, the consideration for a district court is whether the discovery is being sought in bad faith. *Minatec Fin. S.A.R.L. v. SI Group Inc*., No. 1:08-cv-269 (LEK/RFT), 2008 U.S. Dist. LEXIS 63802, at *26 (N.D.N.Y Aug. 18, 2008). In this case, Chevron's request for discovery is a good faith effort to obtain probative evidence that is not unduly intrusive or burdensome. The discovery requested goes to central issues in both foreign proceedings and would be permitted under the Federal Rules of Civil Procedure.

Chevron has filed a number of related Section 1782 petitions seeking discovery regarding the collusion between Cabrera and Plaintiffs, which have been granted by each of the eight federal district courts to have decided them. *See Berlinger I*, *1; U.S. Filings RJN, Ex. B, 8-12 (*In re Applic. of Chevron Corp.*, No. 1:10-mi-00076-TWT-GGB, Order (N.D. Ga. Mar. 2, 2010) (authorizing deposition and document discovery of Charles Calmbacher)); *id.*, Ex. D, 8 (*Chevron Corp. v. Stratus Consulting, Inc.*, No. 10-cv00047-JLK, Trans. (D. Colo. Mar. 4, 2010) (authorizing subpoenas to issue for depositions and documents from Plaintiffs' environmental consultants Stratus Consulting)); *id.*, Ex. E (*In re Applic. of Chevron Corp. v. 3TM Consulting, LLC*, No. 4:10-mc-134, Order (S.D. Tex. Apr. 5, 2010) (granting discovery of Plaintiffs' consultants 3TM Consulting)); *id.*, Ex. I, 47 (*In re Applic. of Chevron Corp.*, No. 2:10-cv-02675-SRC-MAS, Trans. (D.N.J. Jun. 11, 2010) (authorizing subpoenas for depositions and documents

from Plaintiffs' consultant UBR)); *id.*, Ex. O, 13 (*In re Applic. of Chevron Corp.*, No. 1:10-mc-00371-CKK, Order (D.D.C. July 22, 2010) (authorizing subpoena for deposition and documents from Plaintiffs' former Ecuadorian attorney, Alberto Wray)); *id.*, Ex. J (*In re Applic. of Chevron Corp.*, No. 10-cv-1146-IEG (WMc), Order (C.D. Cal. Jun. 23, 2010)); Sabovich Decl., ¶ 39 (court authorizing subpoenas to issue for depositions and documents from E-Tech)); U.S. Filings RJN, Ex. Z (*In re Applic. Of Chevron Corp.*, No. M-19-111, No. 10-MC-00001 (LAK) (S.D.N.Y. Aug. 6, 2010)).

Plaintiffs began opposing these Applications after the proceeding in Georgia resulted in testimony from one of their former experts, Dr. Calmbacher, revealing that Plaintiffs had submitted in the Lago Agrio Litigation two reports under Dr. Calmbacher's name, assessing millions in remediation costs, that Dr. Calmbacher did not author:  "I did not reach these conclusions and I did not write this report."  Sabovich Decl., Ex. U, 9.  Several courts have addressed Plaintiffs' various objections to discovery and all have rejected them.  *See, e.g.*, U.S. Filings RJN, Ex. N, O; *Berlinger 1782 I*, 2010 U.S. Dist. LEXIS 47034, at *41; *In re Applic. of Chevron Corp. v. 3TM Consulting, LLC*, No. 10-mc-134, 2010 U.S. Dist. LEXIS 50113, at *13 (S.D. Tex. May 20, 2010); *Chevron Corp. v. Berlinger*, Nos. 10-1918-cv, 10-1966-cv (2d Cir. July 15, 2010).  Nonetheless, Chevron anticipates that Plaintiffs will oppose this discovery.

On June 21, 2010, Plaintiffs moved the Ecuadorian court to limit Chevron's ability to submit the evidence sought through these Section 1782 actions, a motion that Chevron resisted. *See* Request for Judicial Notice of Court Filings and Orders in the Lago Agrio Litigation and of Provisions of Ecuadorian Law ("Lago Agrio RJN"), Ex. FF.  On August 2, 2010, the Ecuadorian court issued an order setting a 45-day deadline for filing submissions related to environmental damages.  *Id.*, Ex. GG.  As a result of Plaintiffs' effort to truncate the time period for submission

of this evidence in Ecuador, Chevron now needs the discovery sought on an extremely expedited basis.  Accordingly, Chevron respectfully requests that this Court issue an Order to Show Cause establishing a rapid briefing schedule to resolve Plaintiffs' objections.

Chevron further requests that the Court order Plaintiffs and Respondents to begin producing the documents requested, or to oppose this application and **assert any objections to the proposed discovery (including any objections to the proposed subpoenas), within five (5) days** from the date of the issuance of the Order to Show Cause.  Chevron also requests that it **receive three (3) days for any reply** memorandum in support of its application (and subpoenas), and that, if the Court wishes a hearing, that it be held at the earliest date the Court can accommodate.  Upon resolution of any objections, Chevron respectfully requests that this Court enter an Order, pursuant to Rules 26, 30, 34, and 45 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1782, granting it leave to issue the subpoenas annexed to the Sabovich Decl. as Exhibit P, and taking notice that said subpoenas have been properly served, in accordance with Rule 45, on Respondents when served as an executed attachment to the Sabovich Decl.

DATED:  this 16th day of August, 2010

                                    Respectfully submitted,

                                    MODRALL, SPERLING, ROEHL,
                                        HARRIS & SISK, P.A.

                                    By:  /s/ Marte D. Lightstone
                                        John J. Kelly, Esq.
                                        Marte D. Lightstone, Esq.
                                        P.O. Box 2168
                                        Albuquerque, NM  87103
                                        T:  (505) 848.1800
                                        F:  (505) 858.1891

Andrea E. Neuman, Esq.
James M. Sabovich, Esq.
(*admission pro hac pending*)
GIBSON, DUNN & CRUTCHER, LLP
3161 Michelson Drive
Irvine, CA  92612-4412
T:  (949) 451-3800
F:  (949) 451-4220
E:  ANeuman@gibsondunn.com
E:  JSabovich@gibsondunn.com

Peter E. Seley (*admission pro hac pending*)
GIBSON, DUNN & CRUTCHER, LLP
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036-5306
T:  (202) 955-8500
F:  (202) 467-0539
E:  PSeley@gibsondunn.com

Attorneys for Applicant
CHEVRON CORPORATION

I HEREBY CERTIFY that on the 16th day of August, 2010, the foregoing was served on all
parties of record by Rebecca Craft as noted on the Certificate of Service being filed concurrently
with this document [Doc. 3].

MODRALL, SPERLING, ROEHL, HARRIS
        & SISK, P.A.

By: */s/  Marte D. Lightstone*_____
        John J. Kelly

K:\dox\client\84472\0001\W1301289.DOC

6