IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHEVRON CORPORATION,

        Petitioner,                      CIVIL NO.  10-MC-21JH/LFG

To Issue Subpoenas For the
Taking of Depositions and the
Production of Documents.

<u>Consolidated with</u>

In Re Application of
RODRIGO PÉREZ PALLARES,
an Eduadorian citizen, and
RICARDO REIS VEIGA,
an American citizen,

        Petitioners.                     CIVIL NO.  10-MC-22 JH/LFG

for an Order to Conduct Discovery
for Use in Foreign Proceedings.

## ORDER DENYING EMERGENCY MOTION FOR CLARIFICATION OR STAY

THIS MATTER is before the Court on Respondents' Emergency Motion for Clarification of, and Alternatively, for a Stay of, The Court's September 1, 2010 Order Authorizing Discovery [Doc. 78].  Given the emergency nature of this Motion, and the exigent circumstances discussed in the Magistrate Judge's discovery order [Doc. 77], no response is necessary.  For the reasons stated hereafter, the Motion for Clarification and Request for Stay are denied.

### Analysis

Respondents rely on <u>Phillips v. Beierwaltes</u>, 466 F.3d 1217 (10th Cir. 2006) as authority for the proposition that the Magistrate Judge was without jurisdiction to issue his Order.  Respondents are incorrect.  In <u>Phillips</u>, the discovery order was randomly assigned to a Magistrate Judge and had never been assigned to a District Judge.  <u>Phillips</u>, at 1219.  The present case, however, was assigned

to a District Judge, the Hon. Judith C. Herrera.[1]  Thus, unlike Phillips, this case was assigned to an Article III District Judge.

Thereafter, Judge Herrera referred this matter to a Magistrate Judge for a disposition, and not for a Report and Recommendation. [Doc. 53].  This authority is specifically conferred on Article III judges by § 636(b)(1).

Discovery matters are routinely assigned to Magistrate Judges by Article III judges.  There is no contention that the Magistrate Judge in this case was acting pursuant to the parties' consent, under 28 U.S.C. § 636(c)(1).  Rather, the Magistrate Judge is acting pursuant to an express directive of the assigned District Judge under 28 U.S.C. § 636(b)(1). Parties, of course, have a right to appeal a Magistrate Judge's discovery order.  That appeal, however, is to the Article III District Judge and not to the Court of Appeals.

In the alternative, Respondents request a stay of the Magistrate Judge's order.  The filing of an appeal does not serve to stay the effect of the Magistrate Judge's ruling.

FED. R. CIV. P. 72(a) is silent on whether a party's duty to comply with a Magistrate Judge's order is automatically stayed pending final review by the District Court of that party's objections. However, "[a]llowing the automatic stay of Magistrate Judges' orders would not only encourage the filing of frivolous appeals, but would grind the Magistrate system to a halt." Litton Indus. Inc. v. Lehman Bros. Kuhn Loeb, Inc., 124 F.R.D. 75-79 (S.D.N.Y.), *appeal dismissed*, 125 F.R.D. 51 (S.D.N.Y. 1989).  *See also*, 14 James Wm. Moore, et al., Moore's Federal Practice, ¶ 72.10[4](3d ed. 2010).  For this reason, district courts disfavor any assumption by litigants that a Magistrate Judge's discovery order is automatically stayed by the filing of an objection or appeal.

---

[1]Two Applications were filed in this matter.  One was assigned to Hon. Robert C. Brack, the other to Judge Herrera.  The two Applications were later consolidated and the consolidated case was assigned to Judge Herrera. [Doc. 49].

A party who files an objection to, or an appeal from, the Magistrate Judge's order may, concurrently with the objection, file a motion to stay the effect of the discovery order, and the question of stay will be decided by the District Judge. The undersigned Magistrate Judge will not order a stay at this point in the proceedings. Given the deadlines imposed by the Ecuadorian court, a stay of the discovery order in this case would make it impossible for Plaintiffs to obtain discovery relevant to the claims and defenses pending in the foreign tribunals. Accordingly, the Court declines to stay its discovery order and directs compliance in accord with that Order.

### Order

IT IS THEREFORE ORDERED that Respondents' Emergency Motion for Clarification of, and Alternatively, for a Stay of, The Court's September 1, 2010 Order Authorizing Discovery [Doc. 78] is denied.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge