IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CHEVRON CORPORATION,
        Petitioner,

Case No. 10mc21

To Issue Subpoenas For The Taking Of
Depositions And The Production Of Documents,

**Consolidated With**

In re Application of
RODRIGO PEREZ PALLARES,
an Ecuadorian citizen, and
RICARDO REIS VEIGA,
An American citizen,

Case No. 10mc22

for an Order to Conduct Discovery for Use
in Foreign Proceedings.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on *Respondents' and Equadorian Plaintiffs' Objections Pursuant to Fed. R. Civ. P. 72(b) Addressed to the Magistrate's September 1, 2010 Memorandum Opinion and Order Authorizing Discovery*, filed September 9, 2010 [Doc. 83]. Respondents and Equadorian Plaintiffs ("Respondents") object to findings of fact and conclusions of law set forth in an Amended Memorandum Opinion and Order Authorizing Discovery, filed by Magistrate Judge Lorenzo F. Garcia on September 2, 2010 ("Discovery Order") [Doc. 77].[1]  On September 8, 2010, Respondents filed an emergency motion with this Court, seeking a stay of the Discovery Order [Doc. 80].  The Court issued an Order staying the Discovery Order pending its review of Respondents' objections.  *See* Doc. 81.  Because the Court finds that the Magistrate Judge properly followed the law in issuing his Discovery Order,

---

[1] Magistrate Judge Garcia initially issued his Memorandum Opinion and Order on September 1, 2010 [Doc. 76].  It was amended the following day to fix a typographical error.

the Court hereby lifts the stay and orders compliance with the Discovery Order as written, with the exception that compliance with the Order is to be completed by 5:00 p.m. on September 13, 2010, unless otherwise authorized by Magistrate Judge Garcia.

## BACKGROUND

The Discovery Order ably and succinctly sets forth the background of this complex, Hydra-like case,[2] and the Court will let that serve as the background for its ruling, with further facts stated only as necessary for context. On August 16, 2010, Chevron Corporation and two individuals ("applicants") filed applications with the Court seeking discovery pursuant to 28 U.S.C. § 1782, which authorizes a district court to order testimony or production of documents for use in a foreign proceeding, under certain circumstances. *See* Doc. 1.[3] The applicants seek to obtain discovery from an individual and a corporation found within this district for use in legal proceedings pending before tribunals in Equador and the Netherlands.

On August 20, 2010, the Court issued an Order to Show Cause, *see* Doc. 50, directing Respondents to show cause why they should not be compelled to respond to the proposed discovery, and, specifically, to state any objections they have to the proposed discovery. Respondents were required to show cause by August 25, 2010, why an order granting the applications should not be issued. On August 23, 2010, the Court referred this case to Magistrate Judge Garcia, pursuant to 28 U.S.C. § 636(b)(1)(A), for his disposition of the matter. *See* Doc. 53. While Respondents' response to the Order to Show Cause was timely, it focused exclusively on the procedural issue of whether the Court should currently hear this case because

---

[2] Currently, at least ten related section 1782 cases are pending in other federal district courts around the country. *See* Doc. 80 at 2.

[3] The application filed by Chevron Corp is the subject of this case (10-MC-21). The applications filed by the individuals on August 17, 2010, seeking the same discovery, are the subject of 10-MC-22. On August 20, these two cases were consolidated, with all further documents in both cases filed under 10-MC-21. *See* Doc. 49.

of a prior application already pending in the United States District Court for the Southern District of California. *See* Doc. 60.[4] While focusing exclusively on the procedural reasons that they contended the Court should not currently rule on the applications, Respondents failed to state objections on the merits of the specific document requests, and sought to preserve the right to lodge specific objections at a later date. In his Discovery Order, Magistrate Judge Garcia ruled that, by not raising objections to the document requests by the date set by the Court, Respondents waived their objections. *See* Discovery Order [Doc. 77] at 7.

On September 7, 2010, Respondents filed a motion asking the magistrate judge to clarify whether his Discovery Order was a binding order, or whether it was only a non-binding recommendation subject to *de novo* review by this Court before it took effect, contending that the magistrate judge did not have the authority to issue a binding order in this case. *See* Doc. 78. That same day, Magistrate Judge Garcia issued an Order denying Respondent's motion, and providing the basis for his authority to issue a binding ruling. *See* Doc. 79. On September 8, 2010, Respondents filed an emergency motion with this Court, seeking a declaration from this Court that the Discovery Order is non-binding, and seeking a stay of the Discovery Order pending *de novo* review of their objections to the Discovery Order. *See* Doc. 80. Although the Court considered the Discovery Order to be binding, in order to ensure that Respondents' objections received a thorough review prior to the release of the requested documents, on that same date the Court granted a five-day stay and ordered expedited briefing on Respondents' objections. *See* Doc. 81. All parties complied admirably with this expedited briefing schedule, and the Court found the briefing to be thorough and informative.

## STANDARD OF REVIEW

---

[4] Respondents' arguments that this Court should transfer or stay proceedings in this case were rendered moot when the Southern District of California, on August 27, 2010, stayed its own proceedings to enable this Court to rule on the applications.

The Court referred this case to the magistrate judge for final disposition pursuant to 28 U.S.C. § 636(b)(1)(A). Under this statutory provision, a district court judge may refer to a magistrate judge for final determination "any pretrial matter pending before the court" with several enumerated exceptions not relevant to this case. 28 U.S.C. § 636(b)(1)(A). Under this type of reference, the Court may reconsider an order of a magistrate judge only where such order is "clearly erroneous or contrary to law." *Id.*; *First Union Mortgage Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000). In contrast, if a type of matter does not fall within a category that may be referred for a binding disposition under 28 U.S.C. § 636(b)(1)(A), a district court judge may refer such a matter to a magistrate judge for a non-binding proposed findings of fact and recommended disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). Proposed findings of fact and recommended dispositions pursuant to section 636(b)(1)(B) are reviewed by a district court *de novo*. *See id*.

Respondents argue that the Discovery Order cannot be self-executing, and must be subject to *de novo* review by this Court before it can go into effect. Respondents' argument is based on their contention that, notwithstanding the Court's explicit reference of the matter for a final disposition, pursuant to section 636(b)(1)(A), rather than a Report and Recommendation, pursuant to section 636(b)(1)(B), applications for discovery under 28 U.S.C. § 1782 are inherently dispositive, and may not be ruled on by magistrate judges.

In support for their contention, Respondents cite *Phillips v. Beierwaltes*, 466 F.3d 1217, 1221-22 (10th Cir. 2006). *Phillips* involves an order by a magistrate judge compelling production of documents pursuant to an application under 28 U.S.C. § 1782. The party opposing discovery appealed the magistrate judge's order to the Tenth Circuit, which denied the appeal for lack of jurisdiction, holding that the magistrate judge did not have the authority to issue a final and binding order, and, because the matter had not yet been ruled on by the district court, the

Tenth Circuit lacked jurisdiction to hear the appeal.  *Id*. at 1222.  However, as Magistrate Judge Garcia noted in his Order denying Respondents' Motion for Clarification [Doc. 79] *Phillips* does not conclusively govern this case because, here, Magistrate Judge Garcia issued his Discovery Order pursuant to an explicit referral by this Court under section 636(b)(1)(A).  In *Phillips*, the section 1782 application was randomly assigned to a magistrate judge, with no district judge ever having been assigned to the matter.  *See id*. at 1219.  The magistrate judge in *Phillips* exercised authority to issue a final discovery order pursuant to a local rule containing "a blanket referral order assigning to magistrate judges all 'discovery disputes in cases pending in other federal courts.'"  *Id*. at 1222.  The Tenth Circuit, noting that the section 1782 application did not stem from a case pending in another federal court, but rather arose from a case pending in an English court, questioned whether the section 1782 application constituted a discovery dispute properly subject to blanket referral by the local rule.  *Id*.

The court went on to rule that, regardless of whether the reference under the local rule was proper, the magistrate judge was without authority to enter a final order on the matter at issue.  However, the court did not rule that a magistrate judge assessing a section 1782 application may never issue a binding order subject to review by a district court for clear error, as contended by Respondents.  Instead, the court ruled that, under the circumstances of that case, the order to compel discovery was not a final appealable order until the district court acted on it in some way.  It did not determine that a section 1782 application could not properly be referred by a district court to a magistrate judge for a final determination subject only to review for clear error; rather it merely ruled that objections to the magistrate judge's order must first be heard by the district court before it becomes a final appealable order.

Respondents argue that, because the only matter pending before the Court is whether discovery will be granted, it is not a standard pretrial discovery matter of the type generally

referred to magistrate judges for final rulings, but that it is instead a dispositive motion, which may only be subject to a Report and Recommendation from the magistrate judge.  The *Phillips* case appeared to leave open the question of whether an application under section 1782 is a dispositive motion that requires *de novo* review by a district court.  *See Phillips*, 466 F.3d at 1222 ("Whether the magistrate judge's order to compel discovery was dispositive or non-dispositive in this unusual proceeding under 28 U.S.C. § 1782...").  Although the Court believes that it is not foreclosed from referring this matter for a final disposition pursuant to 28 U.S.C. § 636(b)(1)(A), such that the Discovery Order is subject to review only for clear error, because Tenth Circuit precedent is not clearly established, out of an abundance of caution, the Court reviewed the Discovery Order *de novo*.

## DISCUSSION

Although the Court reviewed the Discovery Order *de novo*, due to the compressed time schedule in which it is releasing its ruling, it refers largely to the reasoning of the Discovery Order as its own reasoning in upholding the Discovery Order, and adopts the Order's reasoning as its own.  Specifically, the Court finds that Magistrate Judge Garcia properly weighed the factors governing whether discovery under section 1782 is an appropriate exercise of the Court's discretion, that Magistrate Judge Garcia properly found that the Respondents waived their objections to the proposed subpoenas by failing to timely object, and that the Court can require compliance with the discovery sought by the applicants through the Discovery Order rather than through the issuance of subpoenas.

Section 1782 authorizes a district court to grant an application where (1) the person from whom discovery is sought resides or is found in the district; (2) the discovery is for use in a proceeding before a foreign tribunal; and (3) the application is made by a foreign or international tribunal or by "any interested person."  28 U.S.C. § 1782.  As Magistrate Judge Garcia found,

the applications clearly show compliance with the statutory requirements.  Specifically, it is undisputed that Respondents reside in or may be found within the District of New Mexico.  Additionally, the discovery sought appears relevant to claims and defenses in the aforementioned extraterritorial proceedings in the Republic of Ecuador and the Hague, Netherlands.  Finally, the Applications are made by interested persons, in that the applicants are either parties or otherwise involved in the extraterritorial proceedings in the foreign tribunals.  Thus, all statutory prerequisites are met.

In addition to the statutory requirements, the Supreme Court laid out factors for courts to consider when determining whether to exercise its discretion in permitting discovery under section 1782.  *See Intel Corporation v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65 (2004).  Under *Intel*, a court must consider: (1) whether the documents or testimony sought are within the foreign tribunal's jurisdictional reach; (2) the nature of the foreign tribunal and character of the proceedings underway abroad; (3) the receptivity of the foreign government or the court or agency abroad to federal court assistance; (4) whether the request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of the foreign country; and (5) whether the request contains unduly intrusive or burdensome requests.

Magistrate Judge Garcia correctly analyzed these factors in finding that the Court should authorize the discovery.  He rightly noted that, because the Respondents are not parties to the foreign litigation, and the documents relevant to the discovery are within this district, it is likely that Respondents are outside the reach of the foreign tribunals.  He also noted that three different tribunals, the Lago Agrio tribunal in Equador, the international arbitration tribunal in the Hague, and the tribunal conducting criminal proceedings against petitioners Perez and Veiga in Equador, are at issue, and correctly recognized that evidence relevant to the defense and prosecution of those claims would likely be welcomed by the respective tribunals.  Concerning the fourth *Intel*

factor, although Respondents appear to argue that discovery should be allowed under section 1782 only if the foreign tribunal would permit the discovery, *see* Doc. 83 at 30-32, such an argument was directly rejected in *Intel*, where the Court held that section 1782 "contains no threshold requirement that evidence sought from a federal district court would be discoverable under the law governing the foreign proceeding." 524 U.S. at 247.  Moreover, Respondents have not demonstrated that the foreign tribunals would be unreceptive to the requested material such that the application is an attempt to circumvent foreign proof-gathering restrictions.  Finally, although Magistrate Judge Garcia noted the significant burden that would be placed on Respondents in complying with the Discovery Order, he correctly noted that the issues related to the production of these documents have been contested in proceedings throughout the country and the information sought is well known to Respondents.  Thus, the *Intel* factors argue in favor of this Court exercising its discretion to order the discovery sought by the applicants.

Magistrate Judge Garcia also correctly ruled in his Discovery Order that the Respondents waived their objections to the proposed subpoenas by failing to file substantive objections by the Court-imposed deadline of August 25, 2010.  Respondents had already briefed the substantive issues at stake in this case in the parallel proceeding in the District of Southern California, and could have lodged their substantive objections in this case rather than relying on a procedural argument.  Respondents do not get a second chance to file objections pursuant to a motion to quash, because the Discovery Order required compliance with the proposed subpoenas, without the necessity for service of actual subpoenas.  Ordering compliance with the proposed subpoenas, without requiring service, was entirely proper.  Section 1782(a) authorizes this Court to order Respondents "to produce a document ... [and] ... to prescribe the practice and procedure ... for taking the testimony or statement or producing the document."  28 U.S.C. § 1782(a).  Given the expedited time schedule on which the Court had to decide this matter, ordering

compliance without the issuance of subpoenas was not only authorized by statute, but also advisable.

**IT IS THEREFORE ORDERED** that Respondents' *Objections Pursuant to Fed. R. Civ. P. 72(b) Addressed to the Magistrate's September 1, 2010 Memorandum Opinion and Order Authorizing Discovery* [Doc. 83] are overruled, and that the Discovery Order [Doc. 77] is adopted.  IT IS FURTHER ORDERED that the stay of the Discovery Order, entered by this Court on September 8, 2010 [Doc. 81] is lifted as of the entry of this Memorandum Opinion and Order, and that the parties must comply with the terms of the Discovery Order by 5:00 p.m. today unless otherwise ordered by Magistrate Judge Garcia.

Dated this 13th day of September, 2010.

_____
UNITED STATES DISTRICT JUDGE