## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

CHEVRON CORPORATION,
            Petitioner,

                                                    Case No. 10mc21

To Issue Subpoenas For The Taking Of
Depositions And The Production Of Documents,

### Consolidated With

In re Application of
RODRIGO PEREZ PALLARES,
an Ecuadorian citizen, and                          Case No. 10mc22
RICARDO REIS VEIGA,
An American citizen,

for an Order to Conduct Discovery for Use
in Foreign Proceedings.


### MEMORANDUM OPINION AND ORDER

This matter is before the Court on *Respondents' and Equadorian Plaintiffs' Appeal from and Objections to the Magistrate's September 13, 2010 Sealed Memorandum Opinion and Order,* filed September 27, 2010 [Doc. 187].  In this motion, brought pursuant to Fed. R. Civ. P. 72(a), Respondents and Equadorian Plaintiffs object to the decision by Magistrate Judge Lorenzo Garcia in which he found that documents submitted to him *in camera* are not subject to the attorney-client privilege.  For the foregoing reasons, these objections should be denied and the magistrate judge's order affirmed.

### STANDARD OF REVIEW

Under Fed. R. Civ. P. 72(a), a reviewing district court must defer to the magistrate judge's decision unless it is clearly erroneous or contrary to law.  *Hutchinson v. Pfeil*, 105 F.3d 562, 566 (10th Cir. 1997).  To overturn the magistrate judge's decision as clearly erroneous under Rule 72(a), the Court must have a "definite and firm conviction that a mistake has been

committed." *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting

*United States v. United States Gypsum Co.*, 333 U.S. 364 (1948)).  To be clearly erroneous, "a

decision must strike [the court] as more than just maybe or probably wrong; it must . . . strike

[the court] as wrong with the force of a five-week-old, unrefrigerated dead fish." *Parts and*

*Elec. Motors, Inc. v. Sterling Elec., Inc*., 866 F.2d 228, 233 (7th Cir. 1988).  With respect to a

nondispositive discovery dispute, such as this one, the district court will overrule a magistrate

judge's determination only if the magistrate judge abused his discretion in making that

determination.  *Creative Gifts, Inc. v. UFO*, 183 F.R.D. 568 (D.N.M. 1998).

## DISCUSSION

On September 1, 2010, Magistrate Judge Garcia issued a Memorandum Opinion and

Order authorizing discovery [Doc. 76], which was upheld by this Court on September 13, 2010

[Doc. 174].  Despite the broad reach of his Order authorizing discovery, Magistrate Judge Garcia

invited Respondents to turn over to him for *in camera* review certain documents that

Respondents contended should be withheld from the document production on the basis of

attorney-client privilege.  *See* Doc. 82 at 3.  Respondents turned over these documents to the

magistrate judge on September 9, 2010.  On September 13, 2010, the magistrate judge issued a

sealed Memorandum Opinion and Order, finding that the documents submitted for *in camera*

review are not subject to the attorney-client privilege.  *See* Doc. 173.  It is from this Order that

Respondents appeal.

Magistrate Judge Garcia premised his ruling, first and foremost, on the nature of the

documents submitted to him.  He found that none of the documents fell within the classic

definition of an attorney-client communication because they were communications between the

Equadorian Plaintiffs' attorney and a third party (the Respondents) rather than between the

attorney and his clients.   He cited *In re: Grand Jury Proceedings*, – F.3d –, 2010 WL 3258616, at *8 (10th Cir. Aug. 18, 2010) for the holding that "[a] communication by an attorney to a third party or a communication by a third party to an attorney cannot be invoked as privileged." Magistrate Judge Garcia found that Respondents were hired by the Equadorian Plaintiffs' attorney to provide scientific services that would enable Plaintiffs to establish the extent of contamination allegedly caused by Texaco's oil exploration activities in Equador, and to help establish the amount of damages in the case pending in Equador.  In finding that the attorney-client privilege does not apply to the communications between Respondents and the Equadorian Plaintiffs' attorney, he contrasted the type of relationship at issue in this case, in which Respondents were a third party hired to put together factual data obtained from sources other than the attorney's client, with a relationship in which a third party is hired by an attorney to translate or interpret information given to the attorney by his clients.  This finding is not clearly erroneous or contrary to law, and will be upheld.

In carefully evaluating and describing each set of submitted documents, Magistrate Judge Garcia also offered other reasons, besides the fact that they are third-party communications, that the submitted documents are not subject to the attorney-client privilege.  For instance, he found that billing statements and receipts submitted to Respondents from other vendors are not privileged.  Similarly, he found that communications between the Equadorian Plaintiffs' attorney and Respondents concerning attempts to enter into a contract are not subject to the attorney-client privilege any more than an attorney's fee arrangement with a client or expert witness would be subject to the privilege.  Finally, Magistrate Judge Garcia found that certain emails, including some exchanged prior to the time Respondents entered into an agreement with the Equadorian Plaintiffs' attorney, are also subject to the crime-fraud exception to attorney-client

privilege.  He found that Chevron had established a *prima facie* case of attempted fraudulent behavior on the part of the Equadorian Plaintiffs' attorney involving Respondents, and clearly laid out his basis for making that finding.

In their appeal, Respondents spend the vast majority of their briefing attacking the magistrate judge's finding that the crime-fraud exception is applicable in this case.  Yet, strictly speaking, Magistrate Judge Garcia's additional findings (including those related to the crime-fraud exception) are not necessary to his finding that none of the submitted documents are subject to the attorney-client privilege.  His ruling made it clear that his finding is not dependent on any of his additional rationales.  *See* Doc. 173 at 10 ("In sum, the Court finds, first, that the documents submitted for *in camera* inspection do not fall within the definition of attorney-client communications, but rather consist of communications between an attorney and scientific consultants which are not protected by attorney-client privilege").  Nonetheless, the Court also upholds the magistrate judge's alternative rationales, finding them neither clearly erroneous nor contrary to law.

Finally, Respondents contend that Magistrate Judge Garcia committed clear error in ruling on the privilege issue without a hearing or briefing on the issue.  The Court cannot agree, especially given the extreme time constraints at issue in this case.  The context of the communications is clear on their face, and Magistrate Judge Garcia properly took this context into consideration in finding that the communications related to an attempt by the attorney to engage a third party for scientific research to help the plaintiffs' case, rather than to interpret information provided by his clients.

Magistrate Judge Garcia's Order is not clearly erroneous or contrary to law, and Respondents' objections are overruled.

**CONCLUSION**

**IT IS THEREFORE ORDERED** that *Respondents' and Equadorian Plaintiffs' Appeal*

*from and Objections to the Magistrate's September 13, 2010 Sealed Memorandum Opinion and*

*Order* [Doc. 187] is DENIED

_____
**UNITED STATES DISTRICT JUDGE**

5