IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHEVRON CORPORATION,

        Petitioner,　　　　　　　　　　　　CIVIL NO.  10-MC-21JH/LFG

To Issue Subpoenas For the
Taking of Depositions and the
Production of Documents.

Consolidated with

In Re Application of
RODRIGO PÉREZ PALLARES,
an Eduadorian citizen, and
RICARDO REIS VEIGA,
an American citizen,

        Petitioners.　　　　　　　　　　　　CIVIL NO.  10-MC-22 JH/LFG

for an Order to Conduct Discovery
for Use in Foreign Proceedings.

## ORDER LIFTING SEAL AND DENYING AS MOOT RESPONDENTS' EMERGENCY MOTION FOR ENFORCEMENT

THIS MATTER is before the Court on Respondents' Emergency Motion for Enforcement of the Seal Placed Upon the Court's September 13 Order and the Documents Referenced Therein [Doc. 183], filed September 23, 2010. Applicant Chevron Corporation filed its Response [Doc. 185] on September 24, 2010, to which Respondents filed a Reply [Doc. 189]. Applicants Pallares and Veiga filed their Response [Doc. 191] on September 27, 2010. No further briefing is necessary, nor is oral argument. For the reasons given below, the Court lifts the seal and denies Respondents' Motion for Enforcement as moot.

On September 13, 2010, the undersigned Magistrate Judge entered a sealed Memorandum Opinion and Order Rejecting Claims of Attorney-Client Privilege and Ordering Production of Documents. [Doc. 173]. Because the September 13 Order included direct quotations from the

documents submitted for *in camera* review and for which attorney-client privilege was claimed, the Order was sealed pending resolution of any appeal of the Magistrate Judge's ruling to the District Court under FED. R. CIV. P. Rule 72.  [*See*, Doc. 176].

Respondents filed such an appeal on September 27, 2010.  [Doc. 187].  United States District Judge Judith C. Herrera entered an Order [Doc. 194] on September 28, 2010, denying the appeal and affirming the September 13 Order, and holding that none of the documents submitted for *in camera* inspection is protected by attorney-client privilege.  This ruling renders moot Respondents' Motion to Enforce Seal and eliminates any further reason to keep under seal the documents as to which attorney-client privilege was asserted.  In addition, there is no further reason to keep under seal the September 13 Order or Respondents' appeal thereof, and the seal is lifted as to those two filings.

## ORDER

IT IS THEREFORE ORDERED that Respondents' Emergency Motion for Enforcement of the Seal Placed Upon the Court's September 13 Order and the Documents Referenced Therein [Doc. 183] is denied as moot.

IT IS FURTHER ORDERED that the seal is lifted on the Court's September 13, 2010 Order [Doc. 173] and on Respondents' Appeal [Doc. 187].  The Order and Appeal, now unsealed and unredacted, may be referenced and disclosed, and the underlying documents for which attorney-client privilege was claimed may be used by either party for any purpose.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge

2